**RONG SHEN QIU, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–0576–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

**1.** Attorney General Alberto R. Gonzales has been substituted for his predecessor as the respondent in this matter. See Fed. R.App. P. 43(c)(2).

———

Fengling Liu, New York, New York, for Petitioner.

Dunn Lampton, United States Attorney, David H. Fulcher, Assistant United States Attorney, Southern District of Mississippi, Jackson, Mississippi, for Respondent.

Present: MINER, SACK, and SOTOMAYOR, Circuit Judges.

Petitioner Rong Shen Qiu, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, procedural history and issues on appeal.

Where the BIA summarily affirms the IJ, this Court reviews the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are also reviewed under the substantial evidence standard of review and this Court's review of an adverse credibility determination is "highly deferential." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir. 2005)(*per curiam*). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his [or her] claims of persecution, or on contrary evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004).

■ In this case, contrary to petitioner's contentions, the IJ's credibility determinations were substantially supported by the record as a whole. Substantial evidence supports the IJ's determination so that a reasonable adjudicator would not be compelled to find otherwise. Specifically, the IJ correctly noted that there were material inconsistencies among the written application, supporting documentation, and Qiu's testimony. Because the inconsistencies highlighted Qiu's inability to identify either the relative that he was trying to protect from the family planning authorities or the gender of his persecutor, the inconsistencies bear a legitimate, material nexus to credibility. *See Diallo,* 232 F.3d at 288. Although a reasonable adjudicator could have accepted Qiu's explanations that the inconsistencies were a result of cultural confusion or poor translations, the adjudicator was not compelled to make that finding. *See Zhang,* 386 F.3d at 74.

■ Because petitioner has not addressed in his brief before this Court the BIA's denial of his application for CAT relief, he has waived any challenge to that portion of the BIA's order. *See, e.g., Davis v. New York,* 316 F.3d 93, 102 n. 5 (2d Cir.2002).

For the foregoing reasons, the petition for review and motion for a stay are DENIED.